# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 26-CV-02221 (RER) (PCG)

LYNDON BYRTHEN

VERSUS

THE CITY OF NEW YORK; ADMINISTRATION FOR CHILDREN'S SERVICES; MELISSA HESTER; NEW YORK STATE UNIFIED COURT SYSTEM; JOSEPH A. ZAYAS; KERRI LINDSTROM; NICOLE BARNUN, ESQ.; MACKENZIE KING; AND NOLAN CONWAY

## MEMORANDUM & ORDER

**RAMÓN E. REYES, JR., District Judge:**

On April 15, 2026, plaintiff *pro se* Lyndon Byrthen ("Plaintiff" or "Byrthen") filed this action against defendants. (ECF No. 1 ("Compl.")). The claims arise out of a pending child custody proceeding.[1] On September 8, 2026, Byrthen moved for a temporary restraining order and preliminary injunction. (ECF No. 63 ("Mot.") at 1–15). Byrthen further moved to supplement his third amended complaint pursuant to Federal Rule of Civil Procedure 15(d), attaching his proposed supplemental complaint to his filing. (*Id.* at 16–42). That same day, Byrthen filed an update stating that Kings County Family Court issued a Temporary Order of Visitation for defendant Kerri Lindstrom ("Lindstrom") to have

[1] This is the second case Byrthen has filed concerning the underlying Family Court matter. *See Byrthen v. New York State Unified Court System, et al.*, 26-cv-02216 (RER)(PCG). In the first case, the Court denied a similar request for a temporary restraining order and preliminary injunction based on the *Younger* abstention doctrine. (ECF No. 17).

visitation on various dates beginning on September 11, 2026. (ECF No. 65). Byrthen attached a copy of the order. (*Id.* at 3).

The Court has reviewed Byrthen's submissions thoroughly. For the reasons set forth below, the Court denies Byrthen's motion for a temporary restraining order and preliminary injunction and denies Byrthen's motion to supplement his third amended complaint.

I. Motion for a Temporary Restraining Order and Preliminary Injunction

Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam). The standards for granting a TRO are the same as those governing preliminary injunctions. *See Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.,* 965 F.2d 1224, 1228 (2d Cir. 1992); *see also Leddy v. Becerra*, 617 F. Supp. 3d 116, 121 (E.D.N.Y. 2022) (citing *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). The moving party is required to show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). The movant must carry the burden of persuasion by a clear showing, and "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005) (citing *Green Party of N.Y. v. N.Y. State Bd. of Elections*,

389 F.3d 411, 418 (2d Cir. 2004) and *Columbia Pictures Indus., Inc. v. Am. Broad. Cos.*, 501 F.2d 894, 897 (2d Cir. 1974)).

Byrthen states that, on September 4, 2026, Kings County Family Court found by clear and convincing evidence that defendant Lindstrom "meets the definition of parent" and "falls within the statutory case law definition of a parent." (Mot. at 3). Byrthen argues that the Family Court ruling conflicts with "Mexico's extant civil-status record" and "the original family structure established at birth" and, therefore, violates the "act-of-state doctrine." (*Id.* at 4–6, 8, 12). Byrthen requests an order "to prevent further state implementation or operative use of the September 4 retrospective original-parentage determination while the independent federal-law claims arising from that determination are adjudicated." (*Id.* at 1). He further requests "an order temporarily restraining Defendant Joseph A. Zayas, in his official capacity, and those persons bound by Federal Rule of Civil Procedure 65(d)(2), from causing, administering, implementing, enforcing, or giving further operative effect to the September 4, 2026 Decision After Standing Hearing as a predicate for further custody, visitation, best-interests, comparative-parental-fitness, parental-authority, disclosure, agency, or related proceedings concerning Plaintiff's children, pending further order of this Court." (*Id.* at 1–2).

In his update, Byrthen argues that the family court's temporary visitation order "imposes an immediate burden upon Plaintiff's fundamental federal right to the care, custody, and control of his children" and "requests that the Court consider this subsequent development together with the pending request for temporary relief and grant such interim protection as is necessary to prevent immediate and irreparable harm before the first compelled visitation on September 11, 2026." (ECF No. 65 at 1).

Even assuming that the state court did not have the right to decide Lindstrom's parent status under the act-of-state doctrine, this Court cannot interfere with the state court's September 4, 2026, decision and subsequent visitation order. Despite his protestations to the contrary, Byrthen's request for a temporary restraining order or preliminary injunction is barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). All three factors are met here. Federal courts routinely decline to involve themselves in ongoing family court matters under the *Younger* abstention doctrine, and this Court declines to do so as well. *E.g.*, *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 428 (2d Cir. 2015); *Bukowski v. Spinner*, 709 F. App'x 87, 88 (2d Cir. 2018) (summary order); *Garanin v. Murgolo*, No. 25-CV-1959 (AMD) (PK), 2026 WL 2098841, at *8 (E.D.N.Y. July 21, 2026); *Masri v. Liebowitz*, No. 24-CV-1284 (LTS), 2024 WL 1639904, at *6–7 (S.D.N.Y. Apr. 15, 2024); *McIntosh v. White*, No. 16-CV-6654, 2017 WL 1533539, at *3 (E.D.N.Y. Apr. 27, 2017).[2]

[2] Byrthen's request for a TRO and preliminary injunction is also barred by the domestic-relations abstention doctrine and the Anit-Injunction Act, 28 U.S.C. § 2283. *E.g., Lin v. Shim,* No. 25-cv-1367 (JGK), 2025 WL 642249, at *5-6 (S.D.N.Y. Feb. 27, 2025) (denying preliminary injunction and temporary restraining order seeking federal court's intervention in Family Court action)*; McClure v. Williams*, No. 23-cv-20232415 (AMD) (JRC), 2023 WL 12285606, *2 (E.D.N.Y. Apr. 10, 2023) (denying temporary restraining order seeking federal court's intervention in Family Court action).

Accordingly, Byrthen's motion for a temporary restraining order and preliminary injunction is denied.

II. Motion to Supplement the Third Amended Complaint

Byrthen moves to supplement his third amended complaint, pursuant to Federal Rule of Civil Procedure 15(d), and includes his proposed supplemental complaint within his filing. (Mot. at 16–42). The Court denies his motion. The underlying legal issues in Byrthen's third amended complaint will not change with new facts. If his third amended complaint survives the pending motions to dismiss, Byrthen will have the opportunity to engage in discovery.

The Clerk of Court is respectfully directed to mail a copy of this Order to Byrthen and to note the mailing on the docket

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 10, 2026
Brooklyn, New York